**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AALIYAH RAGHNAL, ALEX MALCOLM MILLS, and RACHEL CHAU, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JOSSELYNE, INC. d.b.a. JHA MANAGEMENT or JOSSELYNE HERMAN & ASSOCIATES,<br><br>Defendant. | Civil Action No.   1:24-cv-825<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMAND** |

Plaintiffs, individually and on behalf of all others similarly situated, by their attorneys, The Law Office of Christopher Q. Davis, PLLC, allege, upon personal knowledge and upon information and belief as to other matters, as follows:

**NATURE OF ACTION**

1. This is a collective and class action brought by Lead and Putative Class Representative Plaintiffs Aaliyah Raghnal, Alex Malcolm Mills, and Rachel Chau (together, the "Representative Plaintiffs" or "Lead Plaintiffs") and all opt-in and/or putative plaintiffs (collectively, "Plaintiffs"), on their own behalf and on behalf of the proposed classes identified below.

2. Plaintiffs and the Putative Class and Collective Class members were or are employed by Defendant Josselyne, Inc. d/b/a JHA Management or Josselyne Herman & Associates ("JHA"), as unpaid Interns or underpaid Assistants whose similar work was and is essential to JHA's business operations.

3. To avoid paying legally required wages, JHA utilized an unlawful policy and practice of misclassifying Plaintiffs as unpaid Interns and later as nominally paid Assistants.

4. By misclassifying Plaintiffs, JHA denied them the benefits that the law affords employees, including unemployment, workers' compensation insurance, social security contributions, and the right to lawful payment under the FLSA and the NYLL.

5. Without the essential work that Plaintiffs performed for Defendant's business, Defendant would not have been able to operate its business.

6. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and pursuant to the collective action provision of 29 U.S.C. § 216(b), to remedy Defendant's violations of the wage and hour provisions of the FLSA that have deprived Plaintiffs and others who are similarly situated of their lawfully earned wages.

7. Plaintiffs also bring individual and representative wage claims under the New York Labor Law Art. 6 §§ 190 *et seq.*, Art. 19 §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq.*, (collectively, "NYLL") as a class action pursuant to Fed. R. Civ. P. 23.

8. Because Defendant's violations of the law are ongoing, Plaintiffs also seek injunctive relief to ensure that the unlawful policies and practices do not continue.

## THE PARTIES

9. Plaintiff Aaliyah Raghnal is an individual who resides in South Orange, New Jersey.

10. From approximately January 2020 to August 2022, Raghnal was scheduled to work as an unpaid Intern for JHA for at least 14 hours a week but often worked additional hours that sometimes amounted close to 40 hours a week.

11. Raghnal is a covered employee within the meaning of the FLSA and the NYLL.

12. Raghnal has consented to join this action by filing a written Consent to Join form.

13. Plaintiff Alex Malcolm Mills is an individual who resides in New York City.

14. From March 4, 2020 to February 24, 2021, Mills regularly worked as an unpaid intern for JHA for 14 hours a week and on occasion, he worked up to 21-28 hours a week.

15. Mills is a covered employee within the meaning of the FLSA and the NYLL.

16. Mills has consented to join this action by filing a written Consent to Join form.

17. Plaintiff Rachel Chau is an individual who resides in New York City.

18. From Feburary 3, 2021 to March 18, 2022, Chau regularly worked as an unpaid intern for JHA for 14 hours a week and on occasion, he worked up to 21 hours a week.

19. From Feburary 2, 2022 to February 3, 2023, Chau regularly worked as an underpaid Assistant

20. Chau is a covered employee within the meaning of the FLSA and the NYLL.

21. Chau has consented to join this action by filing a written Consent to Join form.

**Defendant JHA**

22. JHA is a New York-based talent management company owned by Josselyne Herman Saccio.

23. JHA provides personal management services for actors, writers, directors, and recording artists.

24. Throughout the relevant period, JHA maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including with respect to hiring and other employment practices that applied to unpaid Interns and underpaid Assistants.

25. JHA is registered with the New York Department of State as a domestic corporation with its principal offices located at 345 East 56th Street, New York, New York 10022.

26. At all relevant times, JHA is a covered "employer" within the meaning of the FLSA and the NYLL.

27. Upon information and Defendant's gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## JURISDICTION & VENUE

28. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

29. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 207 *et seq*.

30. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

31. Venue is proper in the United States District Court, Southern District of New York pursuant to 28 U.S.C. § 1391, because the wage violations which give rise to Plaintiffs' claims occurred in this District.

32. This Court has personal jurisdiction over Defendant JHA because it resides in and routinely transacts business in New York.

## CLASS ACTION FACTUAL ALLEGATIONS

33. Plaintiffs bring, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all person who have worked as unpaid Interns or underpaid Assistants at JHA in New York within the period of the past three years prior to this action's filing date and the date of final judgment in this matter (the "Intern and Assistant Class").

34. The members of the Intern and Assistant Class are so numerous that joinder of all members is impracticable.

35. Upon information and belief, the size of the Intern and Assistant Class is at least 40.

36. Defendant has acted or refused to act on grounds generally applicable to the Intern and Assistant Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

37. Common questions of law and fact exist as to the Intern and Assistant Class and include but are not limited to the following:

    a. Whether Defendant has a policy or practice of failing to pay Plaintiffs and the members of the Intern and Assistant Class the minimum wage for all hours worked in violation of the NYLL Art. 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq*. as alleged herein;

    b. Whether Defendant has a policy or practice of failing to pay Plaintiffs and the members of the Intern and Assistant Class overtime for all hours worked over forty in a workweek in violation of NYLL Art. 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq*. as alleged herein;

    c. Whether Defendant failed to comply with the notice and recordkeeping requirements of the NYLL;

    d. Whether Defendant's unlawful wage and hour policies or practices as alleged herein were instituted willfully or with reckless disregard for the law; and

    e. the nature and class-wide injury and measure of damages for those injuries.

38. Plaintiffs' claims are typical of the claims of the Intern and Assistant Class they seek to represent.

39. Plaintiffs and all Intern and Assistant Class members were subject to the same or similar compensation policies and practices of Defendant. Plaintiffs and the Intern and Assistant

Class have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL.

40. Plaintiffs will fairly and adequately represent and protect the interests of the Intern and Assistant Class. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.

41. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Intern and Assistant Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures, and as a result of Defendant's violation of the NYLL. Although the relative damages suffered by individual Intern and Assistant Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources to conduct a thorough examination of Defendant's compensation practices and to prosecute vigorously a lawsuit against Defendant to recover damages stemming from such practices. In addition, class litigation is superior because it will prevent unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

42. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

43. Plaintiffs bring the FLSA claims, on behalf of themselves and all persons who have worked as unpaid Interns or underpaid Assistants at JHA within the period of the past three years prior to this action's filing date and the date of final judgment in this matter (the "Intern and Assistant Collective").

44. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the members of the Intern and Assistant Collective. Upon information and belief, the Intern and Assistant Collective consists of many similarly situated individuals who performed similar job duties and were underpaid or not paid at all by Defendant in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit. Those similarly situated collective members are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## CLASS WIDE FACTUAL ALLEGATIONS

45. Plaintiffs and the members of the Intern and Assistant Class and Intern and Assistant Collective defined above (collectively, "Intern and Assistant Class Members") have been victims of a common policy and plan perpetrated by Defendant that has violated their rights under the FLSA and the NYLL by denying them minimum wages and overtime wages.

46. Defendant has failed to pay wages for all hours worked to Plaintiffs and the Intern and Assistant Class Members.

47. Defendant has benefitted from the work that Plaintiffs and the Intern and Assistant Class Members performed.

48. Upon information and belief, Defendant would have hired other employees had Plaintiffs and Intern and Assistant Class Members not performed work for Defendant.

49. Defendant did not provide academic or vocational training to Plaintiffs or the Intern and Assistant Class Members.

50. Plaintiffs and the Intern and Assistant Class Members did not receive any academic credit for the work they performed.

51. Defendant failed to pay Plaintiffs and the Intern and Assistant Class Members minimum wages for all hours worked and overtime for all hours they worked over forty in a workweek.

52. Defendant failed to keep accurate or adequate records of hours worked by Plaintiffs and the Intern and Assistant Class Members as required by the FLSA and the NYLL.

53. Upon information and belief, Defendant's unlawful conduct described in this Complaint has been pursuant to a uniform policy or practice of minimizing labor costs by denying Plaintiffs and the Intern and Assistant Class compensation in violation of the FLSA and the NYLL.

54. Defendant's unlawful conduct has been widespread, repeated, and consistent. Defendant's policies and practices as described herein are ongoing.

55. Defendant's unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the Intern and Assistant Class Members.

## PLAINTIFFS' FACTUAL ALLEGATIONS

56. Raghnal is a working actress who first contacted Defendant to request personal management services as a client.

57. Defendant declined Raghnal's request for personal management and instead noted that only if she accepted an unpaid internship opportunity with JHA would Defendant take her on as a client for 6 months at a time.

58. The personal management services contract states that the compensation for JHA's personal management services "will be related to the Artist's commercial success" and more specifically, a percentage of the money received for artistic work that the actress/artist performs.

59. Throughout her tenure, Raghnal's personal management relationship with JHA remained separate and distinct from her work as an Intern.

60. Defendant used the offer of a temporary personal management contract to draw numerous young actors with hopes of obtaining a personal manager for their own artistic careers into performing free labor for JHA's business operations.

61. For over two years, from January 2020 to August 2022, Raghnal worked for Defendant as an unpaid Intern.

62. Raghnal was regularly scheduled to work an 11:00am to 6:00pm shift twice a week for a total of 14 hours a week and frequently worked up to 1 additional hour after her shift answering emails and communicating with JHA's clients.

63. There were lengthy periods of time where Raghnal worked close to 40 hours a week due to coverage of other Interns' shifts, training other Interns, and marketing work including handling social media posts and composing extensive newsletters for JHA's clients.

64. Raghnal's job responsibilities as an Intern included the following:

   a. Handling submissions within Breakdown Express, a database where casting agents submitted their clients for bookings;

   b. Managing all correspondence with casting agents and JHA's clients about their bookings,

   c. Handling bookkeeping;

   d. Completing any personal requests for Josselyne Herman Saccio including researching and booking car service and flights for her adult daughter;

   e. Training new Interns; and other

   f. General office administrative tasks.

65. Raghnal was not paid any wages for her work for Defendant.

66. Josselyne Herman Saccio provided no training or guidance to the Interns and instead expected that the Interns train and assist one another and stated that she'd rather always have an Intern train other Interns for free.

67. Raghnal closely worked alongside other individuals who Defendant classified as Interns or Assistants, all of whom performed productive work for JHA and were paid no wages or were extremely underpaid.

68. At any given time, JHA's entire staff was comprised of least 9-10 Interns and 1-2 Assistants.

69. At least 2-3 Interns were scheduled to work every day.

70. The Assistants started off as unpaid Interns and were then selected by Herman-Saccio to become underpaid Assistants.

71. Assistants largely retained the same duties they had as Interns but were merely given a title change and nominal pay of approximately $200 biweekly.

72. Assistants were also not paid a lawful minimum wage.

73. Without the Interns and Assistants who comprised a majority of JHA's staff, there was no other staff to complete the work required for JHA to operate.

74. After two years in the role of Intern, Raghnal chose to resign from her position in August 2022; Herman-Saccio responded that she expected Raghnal to find another individual to replace her as an Intern.

**Plaintiff Alex Malcolm Mills**

75. In early 2020, Mills was teaching classes at Stone Street Studios when he decided to accept an internship opportunity with JHA.

76. From in or around February or March 2020 until February 24, 2021, Mills worked twice a week from 11:00am—6:00pm for a total of 14 hours a week for JHA as an Intern and on occasion worked an additional 7-14 hours a week for a total of 21-28 hours a week.

77. Mills never received any compensation for his work as an Intern.

78. Mills never received training or guidance from Defendant and instead, he primarily received training and assistance from other Interns to complete his work.

79. Mills' duties as an Intern included managing all correspondence with casting agents and JHA's clients about bookings and handling recordkeeping.

**Plaintiff Rachel Chau**

80. Plaintiff Rachel Chau worked as an unpaid Intern from February 2021 to February 2023.

81. Chau worked twice a week from 11:00am—6:00pm for a total of 14 hours a week for JHA as an Intern and on occasion worked an additional 7-14 hours a week for a total of 21-28 hours a week.

82. Chau never received any compensation for his work as an Intern.

83. Chau never received training or guidance from Defendant and instead, she primarily received training and assistance from other Interns to complete her work.

## FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Unpaid Minimum Wages**

84. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

85. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

86. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendant and protect Plaintiffs and the members of the Intern and Assistant Collective.

87. At all relevant times, Plaintiffs and the members of the Intern and Assistant Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

88. At all relevant times, Plaintiffs and the members of the Intern and Assistant Collective were employees of Defendant within the meaning of 29 U.S.C. *§* 203(e).

89. At all relevant times, Defendant has been an enterprise engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

90. At all relevant times, Defendant employed Plaintiffs and the members of the Intern and Assistant Collective within the meaning of 29 U.S.C. *§* 203(g).

91. Defendant has engaged in a policy and/or practice of failing to pay Plaintiffs and the Intern and Assistant Collective the applicable minimum wage for all hours it suffered or permitted them to work.

92. As a result of these minimum wage violations, Plaintiffs and the members of the Intern and Assistant Collective have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(6).

93. Defendant's unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendant was aware or should have been aware that the practices

described in this Class Action Complaint are unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the Intern and Assistant Collective.

94. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

95. Members of the Intern and Assistant Collective are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consents to Join this action. 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### New York Labor Law Article 19- Minimum Wage

96. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

97. Defendant failed to pay Plaintiffs and the members of the Intern and Assistant Class the minimum wages to which they are entitled under the NYLL.

98. Defendant has engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

99. At all times relevant, Plaintiffs and the members of the Intern and Assistant Class have been employees and Defendant has been an employer within the meaning of NYLL §§ 190, 651 (5), 652 and the supporting New York State Department of Labor Regulations.

100. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendant and protect Plaintiffs and the members of the Intern and Assistant Class.

101. Defendant was required to pay Plaintiffs and the members of the Intern and Assistant Class a minimum wage rate under NYLL § 652 and the supporting New York State Department of Labor regulations.

102. Defendant failed to pay Plaintiffs and the members of the Intern and Assistant Class minimum hourly wages for all hours worked to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

103. By Defendant's knowing or intentional failure to pay Plaintiffs and the members of the Intern and Assistant Class minimum hourly wages for all of the hours they worked, Defendant has willfully violated the NYLL Art. 19 §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

104. Due to Defendant's violations of the NYLL, Plaintiffs and the members of the Intern and Assistant Class are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**New York Labor Law Article 19 – Failure to Furnish Accurate Wage Statements**

105. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

106. NYLL §195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria required under the NYLL.

107. Defendant did not provide Plaintiffs and the members of the Class with a legally sufficient wage statement upon the payment of wages, as required by NYLL § 195(3).

108. As a result of Defendant's unlawful conduct, Plaintiffs and members of the Intern and Assistant Class are entitled to an award of damages pursuant to NYLL § 198, in amount to be

determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

109. Defendant failed to provide Plaintiffs and the Intern and Assistant Class Members a notice containing the rate or rates of pay and basis thereof, the regular pay day, and other information required by NYLL § 195(l)(a).

## FOURTH CAUSE OF ACTION
### New York Labor Law Article 19 – Failure to Furnish Wage Notice

110. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

111. At all relevant times, Plaintiffs and the members of the Intern and Assistant Class have been entitled to the rights, protections, and benefits provided under the NYLL.

112. At all relevant times, Defendant has been an employer within the meaning of the NYLL.

113. The record-keeping provisions of Article 19 of the New York Labor Law and its supporting regulations applies to Defendant.

114. Defendant did not provide Plaintiffs and the Intern and Assistant Class with wage notices at the start of their employment, as required by NYLL § 195.

115. NYLL §195 requires that employers furnish employees with wage notices containing accurate, specifically enumerated criteria required under the NYLL.

116. As a result of Defendants' unlawful conduct, Plaintiffs and the Intern and Assistant Class are entitled to an award of damages pursuant to NYLL § 198, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

## PRAYER FOR RELIEF

15

**WHEREFORE,** Plaintiffs, on their own behalf and on behalf of all other similarly situated persons, seek the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the Intern and Assistant Collective, as defined above. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid minimum wages, overtime pay, and an additional and an equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Unpaid overtime and unpaid minimum wages, pursuant to NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL§ 663;

D. Statutory damages for Defendant's notice and recordkeeping violations pursuant to NYLL Art. 6, §§ 190 *et seq.;*

E. Certification of the Intern and Assistant Class set forth above pursuant to Rule 23 of the Federal Rules of Civil Procedure;

F. Designation of Plaintiffs as class representatives of the Intern and Assistant Class and designation of counsel of record as Class Counsel;

G. Pre-judgment interest and post-judgment interest;

H. Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under NYLL Art. 6, §§ 190 *et seq.,* NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations;

I. An injunction requiring Defendant to pay all statutorily required wages pursuant to the NYLL and an order enjoining Defendant from continuing its unlawful policies and practices as described herein with respect to the Class and Collective;

J. Reasonable attorneys' fees and costs of the action;

K. Such other relief as this Court shall deem appropriate and just.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Class Action Complaint.

DATED: February 5, 2024
New York, New York

The Law Office of Christopher Q. Davis, PLLC

_____
Christopher Q. Davis
80 Broad Street, Suite 703
New York, New York 10004
T: (646) 430-7930
cdavis@workingsolutionsnyc.com

*Attorneys for Plaintiffs and the Proposed Class and Collective*

17