```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/3/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AALIYAH RAGHNAL et al.,

                Plaintiffs,

-against-

JOSSELYNE, INC.,

                Defendant.

24-CV-00825 (MMG)

**ORDER APPROVING SETTLEMENT**

MARGARET M. GARNETT, United States District Judge:

    The parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law, Art. 6 §§ 190 *et seq.*, Art. 19 §§ 650 *et seq.*, advised the Court that they had agreed to a settlement in principle. *See* Dkt. No. 18. By Order entered July 29, 2024, the Court directed the parties to submit their settlement agreement and a fairness memorandum or, in the alternative, directed Defendant to respond to the Complaint.

    The Court, having reviewed the parties' joint letter seeking approval of their settlement agreement, *see* Dkt. No. 27, finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiffs' claim and the risks and expenses involved in additional litigation. *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012).

    The settlement approval is subject to the following condition: Any modification of the settlement agreement must be approved by the Court, regardless of any provision in the agreement that purports to allow the parties alone to modify it.

    In addition, Plaintiffs seek approval of $25,000 in attorneys' fees and costs, which is 33.33% of the settlement amount of $75,000. *See* Dkt. No. 27 at 5–6. Courts in this Circuit typically approve attorneys' fees that range between 30% and 33.33%. *See Guzman v. Joesons Auto Parts*, No. 11-cv-04543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g.*, *Silverstein v. AllianceBernstein, L.P.*, No. 09-cv-05904 (JPO), 2013 WL 7122612, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013). In line with that precedent, and with the settlement amount that will remain for plaintiffs in light of the facts of this case, attorneys' fees in the amount of one-third of the recovery is appropriate here.

    Accordingly, the Court approves the settlement subject to the condition addressed above. The Court DISMISSES the case with prejudice. All pending motions are moot. All conferences are cancelled. The Clerk of the Court is directed to close this case.

Dated: October 3, 2024
       New York, New York

                                  SO ORDERED.

                                  MARGARET M. GARNETT
                                  United States District Judge